IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNITED STATES OF AMERICA;<br>(2) CHEROKEE NATION;<br>(3) DELAWARE TRIBE OF INDIANS; and<br>(4) OSAGE NATION,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>(1) CYPRUS AMAX MINERALS COMPANY,<br>　　　　　　Defendant. | CIVIL ACTION NO. 19-cv-00697-GKF-JFJ |

## COMPLAINT

The United States of America, on behalf of the United States Department of the Interior ("DOI"), and the Cherokee Nation ("Cherokee"), the Delaware Tribe of Indians (the "Delaware Tribe"), and the Osage Nation ("Osage"), file this complaint and allege as follows:

## NATURE OF ACTION

This is a civil action brought against Cyprus Amax Minerals Company, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for the recovery of damages for injury to, destruction of, loss of, and loss of use of natural resources and their services resulting from the release and threat of a release of hazardous substances at and from the National Zinc Corporation Site, including one or more smelters, located near West 11th and Virginia Streets, on the west side of Bartlesville, Washington County, Oklahoma.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this claim pursuant to 28

U.S.C. §§ 1331, 1345, 1362, and 2201; and 42 U.S.C. §§ 9607(a) and 9613(b).

2.     Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b).

## PARTIES

3.     Pursuant to Federal statutes, including Section 107(f)(2)(A) of CERCLA, 42 U.S.C. § 9607(f)(2)(A), the DOI, Cherokee, Delaware Tribe, and Osage are trustees for natural resources injured as a result of releases of hazardous substances caused by Defendant at the Site.

4.     Defendant Cyprus Amax Minerals Company ("Cyprus Amax") is a privately held corporation that has its principal place of business in Englewood, Colorado.

## STATUTORY BACKGROUND

5.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part that:

> (1) the owner or operator of . . . a facility, (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . (4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for – . . . (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction or loss resulting from such a release; . . . .

6.     The term "natural resources" as defined in CERCLA means "land, fish, wildlife, biota, air, water, groundwater, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States, . . . and any State or local government. . . ." 42 U.S.C. § 9601(16).

## BACKGROUND OF INVESTIGATIONS

7.     The National Zinc Corporation Site (the "Site") includes one or more smelters located at or near West 11th and Virginia Streets, on the west side of Bartlesville, Washington County, Oklahoma.

8. In 1993, EPA entered into a Memorandum of Understanding with the Oklahoma Department of Environmental Quality ("ODEQ") allowing ODEQ to conduct the remedial investigation and remediation of the Site.

9. A Remedial Investigation/Feasibility Study ("RI/FS") was conducted for both Operable Unit 1 ("OU1") (soil and sediment in the residential, commercial and industrial areas of Site) and OU2 (ecological and agricultural areas) in 1994.

10. The OU1 Record of Decision ("ROD") was signed by the State of Oklahoma on December 13, 1994.  The selected remedy included replacement of soil on residential properties and a combination of capping, replacement, tilling, and phosphate treatment at commercial properties.

11. The OU2 ROD, which addressed ecological areas, was signed by the State of Oklahoma on October 2, 1996.

12. The remedial actions under the OU1 and OU2 RODs were completed in 2001 and 2011, respectively, under consent agreements between Potentially Responsible Parties ("PRPs") (including Defendant) and ODEQ.

13. The DOI, Cherokee, Delaware Tribe and Osage have each been designated a natural resource trustee pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f) and Subpart G of the National Contingency Plan ("NCP"), 40 C.F.R. §§ 300.600 - 300.615.  Under these authorities, and on behalf of the public, the Trustees have acted to assess damages for the injury to, destruction of, or loss of natural resources at the Site due to releases of hazardous substances from Defendant's facilities.

14. The Trustees performed a pre-assessment screen in 2009 as well as an amended pre-assessment screen in 2012 to examine potential claims for aquatic and terrestrial injuries.  As

part of the pre-assessment screens, the Trustees examined the data available from the prior remedial investigations as well as the post-remedy completion reports. The screens conducted indicated injury to terrestrial resources.

15. The Trustees' assessment of injuries to natural resources will be utilized to develop restoration actions or projects to compensate for the injury, loss or destruction of natural resources and resource services.

## GENERAL ALLEGATIONS

16. Zinc retort smelter operations began at the Site in 1907, and up to three different smelters were operated at the Site over time. Two of the smelters ceased operating in the 1920s, and one smelter continued operations through the 1970s. Operations at the Site also included operations to recover zinc, cadmium, and lead from industrial materials, using smelting and chemical processing to recover the metals.

17. The retort furnaces at smelters at the Site were part of the latter phase of the smelting process where material containing zinc was fed into the furnaces and the zinc was vaporized, collected in condensers, and thereafter made into final products.

18. Historical sources of metals disposed of at the Site include: ore delivered by railcar, dust from the transport and storage of ore and solid waste materials to the smelters, metals emissions from roasting and smelting processes, airborne particulates from smelting processes, and various solid waste materials (e.g. retort and other residues, slag, crushed retort, and condenser sands).

19. During the time the zinc smelters were in operation, metals contained in the airborne emissions from the smelters were deposited and disposed of over much of the area of Bartlesville which lies west of the Caney River including residential, commercial, industrial, and

ecological areas.

20.     Aerial deposition of smelter related materials resulted in elevated metals concentrations in the surface soils in West Bartlesville.

21.     A zinc retort smelter at the Site was owned by the Bartlesville Zinc Company ("BZC") and operated from 1907 to 1924.  Cyprus Amax is a successor in interest to BZC.

22.     A separate zinc retort smelter at the Site was owned by the Lanyon-Starr Smelting Company ("LSSC") and operated from 1907 to 1924.  Cyprus Amax is a successor in interest to LSSC.

23.     Smelter emissions from smelters owned and/or operated by predecessors to Cyprus Amax were deposited onto lands and disposed of at and in the vicinity of the Site.

24.     Predecessors of Cyprus Amax owned and operated the Site at the time of disposal of hazardous substances including arsenic, cadmium, copper, lead, mercury, selenium, silver, zinc, lead and cadmium.

25.     Releases of hazardous substances, including but not limited to arsenic, cadmium, copper, lead, mercury, selenium, silver, zinc, and other hazardous metals, at and from the Site have resulted in injuries to, destruction of, loss of, and the loss of use of natural resources and services from natural resources, including but not limited to losses of services from the vegetative community and other terrestrial resources in and around the Site.

## **CLAIM FOR RELIEF**

26.     The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27.     Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

28.     The National Zinc Corporation Site and the facilities comprising it, are each and every one a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29.     Hazardous substances were released from each of those facilities into the environment within the meaning of Sections 101(22) and 101(8) of CERCLA, 42 U.S.C. § 9601(22) and (8).

30.     Defendant Cyprus Amax Minerals Company is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. §  9607(a)(2), because it was the owner and/or operator of facilities at the time hazardous substances were disposed of at and from those facilities, and because, as set forth above, the release of hazardous substances from the facilities owned and/or operated by defendants caused injury to, destruction of, and loss of natural resources in surrounding lands and other areas within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

31.     The United States, Cherokee, Delaware Tribe and Osage have incurred and continue to incur costs related to the assessment of the loss of natural resources for which they are trustees, resulting from the release of hazardous substances from the facilities owned or operated by defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(1) Enter a judgment in favor of Plaintiffs against Defendant, liability pursuant to CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), for all damages for injury to, destruction of, and loss of natural resources within the trusteeship of the United States, Cherokee, Delaware Tribe and Osage resulting from the releases of hazardous substances described herein, including the unreimbursed past, present, and future

costs of assessing such damages, the cost of restoring, replacing, and/or acquiring the equivalent of those injured resources, and the past, present, and future diminution in value of those resources pending restoration or replacement, in an amount to be proved at trial;

(2) Enter a judgment in favor of Plaintiffs against Defendant for liability for all costs of this action, including attorneys' fees; and

(3) Award Plaintiffs such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

FOR THE UNITED STATES OF AMERICA

THOMAS A. MARIANI, Jr.
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

 *s/ Samuel D. Blesi*
SAMUEL D. BLESI
Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-1466
Sam.Blesi@usdoj.gov

R. TRENT SHORES
United States Attorney
Northern District of Oklahoma

 *s/ Cathryn D. McClanahan*
CATHRYN D. MCCLANAHAN, OBA No. 14853
Assistant United States Attorney

        110 W. 7th Street
        Suite 300
        Tulsa, OK 74119
        Telephone 918-382-2700
        Cathy.McClanahan@usa.doj.gov

OF COUNSEL:

Frank Lupo
Assistant Regional Solicitor
U.S. Department of the Interior
Office of the Regional Solicitor, Southwest Region
505 Marquette Ave NW, Suite 1800
Albuquerque NM 87102

        FOR THE CHEROKEE NATION

        _____
        CHAD HARSHA
        Secretary of Natural Resources
        206 East Allen Road
        Tahlequah, OK 74464
        Tel: 918-453-5369
        Fax: 918-458-5499
        Chad-harsha@cherokee.org

        FOR THE DELAWARE TRIBE

        _____
        JIMMIE JOHNSON
        Environmental Director
        170 NE Barbara
        Bartlesville, OK 74006
        Tel: 918-337-6590
        jimmiejohnson@delawaretribe.org

FOR THE OSAGE NATION

CLINTON N. PATTERSON
Attorney General

*/s/ Morgan Currey*
MORGAN R. CURREY, OBA No. 32378
Assistant Attorney General
1071 Grandview Lane
Pawhuska, Oklahoma 74056
Tel: 918-287-5514
Fax: 918-287-5468
mcurrey@osagenation-nsn.gov